**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JACKIE RENEE SPIVEY,

        Plaintiff,

v.                                            Case No: 6:16-cv-1705-Orl-40KRS

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court on Magistrate Judge Karla R. Spaulding's February 1, 2018, Report and Recommendation (Doc. 16), in which she recommends that the Commissioner's decision be reversed and that the matter be remanded for further proceedings. On February 15, 2018, Defendant objected to the Report and Recommendation. (Doc. 17). On March 1, 2018, Plaintiff responded to Defendant's objection. (Doc. 18). Upon *de novo* review, the Court overrules the Commissioner's objections and adopts the Magistrate's Report and Recommendation.

**I.    BACKGROUND**

Plaintiff Jackie Renee Spivey filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision from the Commissioner of Social Security (the "Commissioner"). (Doc. 1). Magistrate Judge Spaulding issued a Report and Recommendation ("R&R") recommending that the Court reverse the Commissioner's final decision and remand the matter to the Commissioner for further proceedings. (Doc. 16). The R&R also stated that "[t]he Court may require that the proceedings on remand be

completed within a specific period of time and/or that the Commissioner file periodic status reports stating the progress of the proceedings on remand." (*Id.* at 13 (citing *Bond v. Comm'r of Soc. Sec.*, No. 6:13-cv-175-Orl-36DAB, 2014 WL 12618197 (Jan. 27, 2014))). The Commissioner objected (Doc. 17), and the matter is now ripe for the Court's consideration.

## II. STANDARD OF REVIEW

### A. Review of the Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### B. Review of the ALJ's Decision

In a Social Security appeal, the Court's review is limited to determining whether the ALJ's decision is supported by substantial evidence in the record and is based on proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam)). "[The Court] may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8

(11th Cir. 2004)). The ALJ's decision must be affirmed if it is supported by substantial evidence, even if the Court finds that the evidence more likely supports a different conclusion. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

## III. DISCUSSION

The Commissioner makes two objections to Magistrate Judge Spaulding's R&R. First, the Commissioner "maintains that the Court should affirm her final decision," citing arguments advanced in the parties' Joint Memorandum. (Doc. 17, p. 1). Second, the Commissioner asserts that, if the Court does remand, it should refrain from imposing a time limit or requiring status reports, as suggested by the R&R. (*Id.*).

### A.  Commissioner's Recycled Joint Memorandum Arguments

The Commissioner objects to the reversal of the Administrative Law Judge's ("ALJ") decision, citing two of the Commissioner's earlier arguments from the parties' Joint Memorandum. (Doc. 17, p. 1). The Commissioner first cites the "Commissioner's Contentions" section of the Joint Memorandum regarding "[w]hether the ALJ complied with this Court's Remand Order and the Appeals Council's Remand Order[,]" (Doc. 15, pp. 17–18), wherein the Commissioner argues that Plaintiff's first assignment of error lacks merit. (*Id.* at p. 18). In the R&R, however, Magistrate Judge Spaulding found *in favor* of the Commissioner on this point, and explicitly rejected Plaintiff's first assignment of error. (Doc. 16, p. 11). Because the R&R found for the Commissioner with respect to Plaintiff's first assignment of error, the Court construes the Commissioner's Objection as not applying to that portion of the R&R.[1]

---

[1] The Commissioner is admonished to avoid making boilerplate objections to unfavorable Magistrate Judge Reports and Recommendations, such as this one.

3

The second Joint Memorandum argument cited by the Commissioner involves Plaintiff's second assignment of error.

> In the second assignment of error, Spivey asserts that the ALJ erred by arbitrarily selecting April 1, 2015[,] as the date her condition became disabling. She contends that when, as here, a claimant has progressively worsening impairments, [Social Security Ruling ("SSR") 83-20] requires an ALJ to call on the services of a medical expert when a disability onset date must be inferred.

(Doc. 16, p. 11). In the Joint Memorandum, the Commissioner countered that the failure to obtain medical testimony in accordance with SSR 83-20 was harmless error because "substantial evidence within the record supports the disability onset date the ALJ infers." (Doc. 15, p. 22 (citing *Bush v. Colvin*, No. 8:11-cv-2348-AEP, slip op. at 21 (M.D. Fla. Mar. 18, 2013))). Magistrate Judge Spaulding found for Plaintiff on this issue, holding that "the ALJ's failure to comply with SSR 83-20 was not harmless," and that Plaintiff's second assignment of error was valid and necessitated reversal and remand. (Doc. 16, p. 12).

The Commissioner's reliance on *Bush v. Colvin*, No. 8:11-cv-2348-AEP, slip op. (M.D. Fla. Mar. 18, 2013), in support of its argument refuting Plaintiff's second assignment of error is misplaced. In *Bush*, the medical evidence was "not inadequate, and the ALJ had no need to infer Plaintiff's onset date." No. 8:11-cv-2348-AEP, slip op. at 21. In this case, however, Magistrate Judge Spaulding found that "the record is insufficient to support the ALJ's determination that Spivey became disabled on April 1, 2015, but not earlier." (Doc. 16, p. 12). Upon *de novo* review, the Court concurs with this finding. Accordingly, the *Bush* case cited by the Commissioner is distinguishable, and the ALJ's failure to comply with SSR 83-20 constituted reversible error. The Commissioner's objection to Magistrate Judge Spaulding's recommendation that the ALJ's decision be

4

reversed and remanded due to the ALJ's failure to comply with SSR 83-20 is therefore overruled.

### B. Timeline or Status Report Suggestions

The balance of the Commissioner's Objection is devoted to Magistrate Judge Spaulding's suggestion that the Court *may* require the remand proceedings complete within a specified time period and/or that the Commissioner file status reports documenting the progress. (Docs. 16, 17). In support of this suggestion, the Magistrate cited *Bond v. Commissioner of Social Security*, No. 6:13-cv-175-Orl-36DAB, 2014 WL 12618197, at *3 (M.D. Fla. Jan. 27, 2014). The Commissioner counters that *Bond* was wrongly decided, and that this Court is bound by *Nowells v. Heckler*, 749 F.2d 1570, 1571 (11th Cir. 1985) (per curiam) and *Scott v. Bowen*, 808 F.2d 1428, 1431 n.2 (11th Cir. 1987) (per curiam). According to these authorities, says the Commissioner, the imposition of deadlines on the Commissioner for the completion of administrative proceedings is inappropriate. (Doc. 17, p. 2). In response, Plaintiff cited several decisions from the Middle District of Florida that required remand proceedings be completed within a set time period. (Doc. 18, p. 2).

It is worth noting that Magistrate Judge Spaulding did not *recommend* that the Court impose a deadline on, or require status reports from, the Commissioner on remand. Rather, the Magistrate merely suggested that the Court "may" impose such requirements. Upon review of the authority cited by the parties, the Court finds it improvident to impose a time limit on the remand or require regular status reports.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Commissioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. 17) are **OVERRULED**.

2. The Magistrate Judge's February 1, 2018, Report and Recommendation (Doc. 16) is **ADPOTED** and **CONFIRMED** and is made a part of this Order.

3. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk of Court is **DIRECTED** to enter the following Judgment:

    Judgment is entered in favor of Plaintiff, Jackie Renee Spivey, and against Defendant, Commissioner of Social Security. The final decision of the Commissioner is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g).

5. The Clerk of Court is thereafter **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida, on March 13, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties